

**FILED**

**NOT FOR PUBLICATION**

JUN 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY L. TAYLOR, | No. 13-57087 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-01109-WQH-RBB |
| v. | |
| RON RACKLEY, Warden,*et al; | MEMORANDUM** |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted June 2, 2015***
Pasadena, California

---

\* Pursuant to Federal Rules of Appellate Procedure 43(c)(2), Ron Rackley is substituted for his predecessor, Rick Hill, as Warden.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and SINGLETON,[****] Senior District Judge.

California state prisoner Anthony L. Taylor appeals the denial of his 28 U.S.C. § 2254 habeas petition. Reviewing the district court's determination de novo, *see Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014), we affirm.

Taylor's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. To be eligible for habeas relief, Taylor must show that the California courts' adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

Taylor alleges that his plea counsel was ineffective for failing to accurately advise him that the trial court was considering, but not promising, a sentence in the 20- to 22-year range. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner who alleges ineffective assistance of counsel must show both that counsel was ineffective and that the ineffectiveness prejudiced him. To show

---

[****] The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

prejudice where the petitioner has pleaded guilty pursuant to a plea bargain, the petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

The state court held that Taylor failed to establish prejudice because, had he rejected the plea offer and proceeded to trial, "there was no dispute that he attacked the victim with a knife, and he would have exposed himself to a potential sentence of 41 years to life or more, lost the mitigating factor arising from an early admission of guilt, and lost the court's stated intention to consider dismissing a strike prior conviction so as to avoid a life sentence." This determination is supported by the record and was not "contrary to, or . . . an unreasonable application of" *Strickland*. 28 U.S.C. § 2254(d).

We decline to expand the certificate of appealability to encompass Taylor's uncertified due process claim because no "substantial showing of the denial of a constitutional right" has been made with respect to this claim. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

**AFFIRMED.**

3